■ In the Matter of the Claim of Martin Henry, Appellant, v William G. Pittman Company et al., Respondents. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 20, 1976. The sole issue on this appeal is whether the average weekly wage was properly computed. Claimant had a full-time job with Lederle Laboratories and was also employed as a part-time school bus driver by the Clarkstown Central School District. Claimant injured his left knee when he was involved in an accident while driving a school bus. Compensation benefits were awarded and the case was closed pending the outcome of a third-party action which was subsequently settled. Thereafter, the case was reopened, the scheduled loss was found and an average weekly wage of $9.80 was established. The case was reopened and restored for consideration of the average weekly wage. Claimant stated he had a permanent regular job and that in his part-time employment as a bus driver he made $45 a week plus additional amounts for special runs. He testified that he worked by the hour when needed, sometimes one or two days a week and sometimes three weeks straight. The payroll provided by the school board indicated that from July 20, 1972 to June 14, 1973, the day following the accident, the claimant earned the sum of $500.07. The board rejected claimant's contention that his average weekly wage should be established pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law by using the "200 multiple". The board made a finding that the payroll submitted reflected the extra part-time work and that the average weekly wage of $9.80 adequately reflected his true earnings on that job. Implicit therein is the board's rejection of the claimant's contention that he made $45 per week during the period in question. Claimant indicated that he would work only when needed and characterized his employment as "sporadic, hourly and not just a day". Clearly, the claimant did not work a full-time job for one employer and then work on a steady basis for one day a week or more for another employer in a dissimilar position. In the instant case, the claimant worked at a full-time job and then would work sporadically at a part-time job as a bus driver if he was needed and if he was available. In addition, claimant stated that as to field trips the school district would call him and he would make the trips if he was available. Such testimony indicates a limitation of availability and thus the board was not bound to use the method of compensation set forth in subdivision 3 of section 14 of the Workmen's Compensation Law. The board in its fact-finding process chose to accept the evidence provided by the payroll submitted by the school district rather than the testimony of the claimant as to his alleged earnings and as to the manner and extent of his employment by the school district. The record provides substantial evidence to support the board's determination of claimant's average weekly wage. Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin, and Mikoll, JJ., concur.